```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ANTHONY WEREKOH,                                  :

                                                  :        OPINION AND ORDER
                 Plaintiff,
                                                  :        12 Civ. 6954 (GWG)
     -v.-
                                                  :

COMMISSIONER OF SOCIAL SECURITY,                  :

                 Defendant.                       :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiff Anthony Werekoh brings this action asserting that the Commissioner of Social Security has not complied with its own decision waiving collection of an overpayment of Supplemental Security Income ("SSI") benefits. The Commissioner has moved to dismiss the complaint for lack of subject matter jurisdiction, or, in the alternative, for failure to state a claim upon which relief can be granted. The parties have consented to this matter being determined by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Commissioner's motion to dismiss for lack of subject matter jurisdiction is granted.

I.   BACKGROUND

The Social Security Administration ("SSA") granted Werekoh's application for SSI benefits on March 25, 2004. See Administrative Record, filed Mar. 25, 2013 (Docket # 11) ("R."), 59–67. On December 16, 2004, the SSA issued a Notice of Overpayment (the "December 2004 overpayment") notifying Werekoh that he had been overpaid $512 from April 2004 to November 2004 because he was living with others, which resulted in a reduction in the amount of benefits he was entitled to receive. R. 43–50; Revised Declaration of Bryant Wilder, dated June 24, 2013 (annexed to Letter from John E. Gura, Jr., Assistant United States Attorney,

to Hon. Gabriel W. Gorenstein, dated June 26, 2013 (Docket # 26) ("June 26 Letter")) ("Wilder Decl."), ¶ 4. The notice told Werekoh that he had the right to request a waiver of the overpayment and to appeal the decision. R. 43–44; Wilder Decl. ¶ 5. The SSA states that it has no record of Werekoh requesting a waiver or appealing the determination. Wilder Decl. ¶ 6.

More than a year later, on February 14, 2006, the SSA issued another Notice of Overpayment (the "February 2006 overpayment") informing Werekoh that he had been overpaid $2087 in SSI benefits from December 2004 to January 2006 due to his spouse's income. R. 70–77; Wilder Decl. ¶ 7. Werekoh made a timely request for a waiver of the overpayment on March 7, 2006, R. 19, which the SSA denied on April 20, 2006, R. 68–69; Wilder Decl. ¶ 9. On May 23, 2006, Werekoh filed a request for reconsideration, R. 19, 78–80, which was denied, R. 19; Wilder Decl. ¶ 10. On January 31, 2008, Werekoh timely requested a hearing before an Administrative Law Judge ("ALJ"). R. 19, 30–31; Wilder Decl. ¶ 11. ALJ Margaret Pecoraro held a hearing on June 25, 2009 regarding the February 2006 overpayment, at which Werekoh appeared pro se. R. 85–110. On July 7, 2009, the ALJ issued a decision granting a waiver of the $2087 overpayment. R. 16–22.

In the meantime, from March 2005 to January 2008, the SSA withheld $1616.40 in Werekoh's SSI benefits to recover overpayments, of which $1516.40 was attributable to the February 2006 overpayment. Wilder Decl. ¶¶ 19, 19A. In February 2008, the SSA ceased collection of the February 2006 overpayment. Id. ¶ 20. In addition, to comply with the ALJ's July 2009 order granting a waiver of the February 2006 overpayment, the SSA issued payments to Werekoh, on September 10, 2009 and November 2, 2009, in the amount of $1373 and $143.40. Id. ¶ 21.

On December 24, 2007, the SSA issued another Notice of Overpayment (the "December

2007 overpayment") informing Werekoh that he had been overpaid $730 from October 2005 to December 2005 due to his spouse's income. Id. ¶ 12; R. 32–38. The notice informed Werekoh of his right to request a waiver of the overpayment or to appeal the determination. R. 32–34. The SSA states that it has no record of Werekoh requesting a waiver or appealing the December 2007 overpayment. Wilder Decl. ¶ 14. The SSA later revised the amount of the December 2007 overpayment to $700. Id. ¶ 15.

Finally, the SSA issued a Notice of Overpayment on June 11, 2008 (the "June 2008 overpayment") stating that Werekoh had been overpaid $64 in May 2008 because he was "living with others." Id. ¶ 16; see also R. 23–29. Again, the notice apprised Werekoh of his right to request a waiver or appeal the determination. R. 23–25. The SSA states that it has no record of Werekoh requesting a waiver or appealing the June 2008 overpayment. Wilder Decl. ¶ 18. From February 2008 to December 2009, the SSA withheld $1276 from Werekoh's SSI benefits to satisfy the December 2004, December 2006, and June 2008 overpayments. Id. ¶ 20. Since December 2009, the SSA has not collected any funds from Werekoh. Id.

On January 10, 2010, Werekoh filed a request for a hearing before an ALJ concerning the SSA's "irrational response and neglect with regard[] to Hon. Judge Pecoraro's decision dated July 07, 2009." R. 12. Specifically, Werekoh sought a "refund of the overpayment balance," and a "refund of all the illegal[ly] overreduced SSI benefits." Id. Werekoh filed a request for review with the Appeals Council on December 15, 2010. R. 10–11. He requested that the Appeals Council review the SSA withholding "$714.00 out of $2087.00" refund he was entitled to as a result of the ALJ's decision. R. 10. In addition, Werekoh requested review of "New, or Other Overpayment refund [sic] ($730.00, ($530.00), ($64.00), etc." Id. Werekoh filed a second request for review with the Appeals Council on December 22, 2010. R. 8–9. The request noted

3

that the ALJ's decision was "fully favorable." R. 8. Werekoh argued that the ALJ's decision entitled him to a $2087 refund, but that he had received a refund of only $1516.40. Id. The Appeals Council denied Werekoh's request for review on July 23, 2012 because it "found no reason under [its] rules to review the Administrative Law Judge's decision." R. 4. As a result, the ALJ's July 7, 2009 decision became final. Id. On September 6, 2012, Werekoh sent a request for further review to the Appeals Council. R. 2–3. In this request, Werekoh noted that an ALJ, in a "[f]ully [f]avorable" decision, granted him a waiver of the February 2006 overpayment, but the SSA was "still attempting to recover the $2087.00, and the Other Overpayment[s]." R. 3.

On September 11, 2012, Werekoh, proceeding pro se, filed a complaint seeking judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Complaint, filed Sept. 11, 2012 (Docket # 2) ("Compl."), ¶ 1. Werekoh attached to the Complaint, among other things, the September 6, 2012 request to the Appeals Council. Ex. A to Compl. On May 13, 2013, the Commissioner filed the instant motion to dismiss the action for lack of subject matter jurisdiction, or, in the alternative, for failure to state a claim upon which relief may be granted. See Notice of Motion, filed May 13, 2013 (Docket # 17); Memorandum of Law in Support of Defendant's Motion to Dismiss, filed May 13, 2013 (Docket # 18); Declaration of Bryant Wilder, filed May 13, 2013 (Docket # 19); Certificate of Service, filed May 14, 2013 (Docket # 20). Werekoh opposed the motion. See Affirmation in Opposition to the Motion, filed May 31, 2013 (Docket # 23) ("Pl. Aff."). The Commissioner replied to Werekoh's opposition by letter dated June 26, 2013. See June 26 Letter; Wilder Decl. Werekoh then submitted a document he entitled "Personal Letter to the Judge," on July 16, 2013. Letter from Werekoh to Hon. Gorenstein, filed July 16, 2013 (Docket # 27) ("July 16 Letter").

4

II.     LAW GOVERNING MOTIONS UNDER FED. R. CIV. P. 12(B)(1)

A party may move to dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. "A 'case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.'" Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)), aff'd, 133 S. Ct. 721 (2013). In deciding a motion to dismiss for lack of subject matter jurisdiction, the court "must accept as true all material factual allegations in the complaint," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (citations and internal quotation marks omitted), but need not "draw inferences from the complaint favorable to plaintiff[]," J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004) (citing Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998)). The plaintiff bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction is proper. Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008), aff'd, 130 S. Ct. 2869 (2010); see also Whitmore v. Arkansas, 495 U.S. 149, 154 (1990) ("It is well established, however, that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue."). A court "may refer to evidence outside the pleading," Makarova, 201 F.3d at 113; accord Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986) ("[W]hen, as here, subject matter jurisdiction is challenged under Rule 12(b)(1), evidentiary matter may be presented by affidavit or otherwise."), but "may not rely on conclusory or hearsay statements contained in the affidavits," J.S. ex rel. N.S., 386 F.3d at 110 (citing cases). A court must decide a Rule 12(b)(1) motion before any other motion to dismiss because a court may not act if it lacks jurisdiction. See Steel Co. v. Citizens for a Better Env't,

523 U.S. 83, 93–95 (1998); Figueroa v. Comm'r of Soc. Sec., 2013 WL 3481317, at *2 (S.D.N.Y. July 11, 2013).

When considering a motion to dismiss, the Second Circuit has directed that pro se complaints "'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Sykes v. Bank of Am., 2013 WL 3814371, at *2 (2d Cir. July 24, 2013) (quoting Triestman, 470 F.3d at 474); accord Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) ("A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal citations and quotation marks omitted). In addition, where a pro se plaintiff has submitted other documents, the Court may consider statements in such documents to supplement or clarify the plaintiff's pleaded allegations. See Smith v. Sebelius, 2011 WL 7427733, at *3 (S.D.N.Y. Dec. 28, 2011) (citing Johnson v. Wright, 234 F. Supp. 2d 352, 356 (S.D.N.Y. 2002)), adopted, 2012 WL 627237 (S.D.N.Y. Feb. 27, 2012).

III.   DISCUSSION

The September 6, 2012 request for further review to the Appeals Council, which Werekoh attached to his complaint, asserted that the Government is "still attempting to recover the $2087.00 overpayment" and made reference to the December 2004, December 2007, and June 2008 overpayments. Ex. A to Compl. In his responsive papers to this motion, Werekoh has conceded that he received "partial payment of $1373.00, and $143.40," Pl. Aff. ¶ 2, as was described in the SSA's submissions, see Wilder Decl. ¶ 21. He states that he is seeking to obtain "the remaining $570.60." Pl. Aff. ¶ 2.

Werekoh's responsive papers do not contest any of the factual matters presented by the Commissioner regarding Werekoh's failure to exhaust the December 2004, December 2007, and

June 2008 overpayments. He does not challenge the Commissioner's contention that SSA has withheld $1276 attributable to these overpayments, Wilder Decl. ¶ 20 — a number that far exceeds the $570.60 that plaintiff contends remains to be paid on the February 2006 overpayment. Nor does he contest that the Commissioner recouped only $1516.40 that was attributable to the February 2006 overpayment as of January 2008. See id. ¶ 19A.

Instead, he recognizes that the reason he has not been paid the remaining $570.60 he seeks is because SSA has withheld that money as part of its collection on the December 2004, December 2007, and June 2008 overpayments. Thus, he asserts that "[t]he Commissioner's immediate attention is urgently required to waive[] all the other overpayment deductions," Pl. Aff. ¶ 2, and that "[t]he agency had no right to continue deductions" regarding the three overpayments, see July 16 Letter at 1. In other words, plaintiff through this action seeks to challenge the ability of the SSA to collect on the three unexhausted overpayments.[1]

Under the doctrine of sovereign immunity, "the United States, as sovereign, is immune from suit, save as it consents to be sued and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Dalm, 494 U.S. 596, 608 (1990) (alterations, citation, and internal quotation marks omitted). In order to waive sovereign immunity, the United States must unequivocally consent to be sued in a statute. F.A.A. v.

---

[1] To the extent that Werekoh's complaint could be interpreted as challenging the ALJ's July 7, 2009 decision granting the waiver of the February 2006 overpayment, this Court lacks subject matter jurisdiction because the ALJ's decision was fully favorable to Werekoh. See, e.g., Wheeler v. Heckler, 719 F.2d 595, 600 (2d Cir.) ("[J]udicial review of favorable decisions is generally unavailable."), reh'g denied, 724 F.2d 262 (2d Cir. 1983); Stewart v. Astrue, 2012 WL 32615, at *2 (E.D.N.Y. Jan. 4, 2012) ("[T]he Court lacks jurisdiction to review an administrative decision that was fully favorable to plaintiff . . . ."); Bruno v. Astrue, 2010 WL 5653398, at *4 (S.D.N.Y. Sept. 16, 2010) ("Jurisdiction under Section 405(g) . . . does not typically extend to fully favorable decisions."), adopted, 2011 WL 308372 (S.D.N.Y. Jan. 28, 2011).

Cooper, 132 S. Ct. 1441, 1448 (2012) (citing cases).  Congress has waived sovereign immunity and authorized limited judicial review of a "final decision of the Commissioner of Social Security made after a hearing . . . ." 42 U.S.C. § 405(g); see also 42 U.S.C. § 1383(c)(3) (judicial review under § 1383(c)(1) is coextensive with judicial review under § 405(g)); Francois v. Astrue, 2012 WL 697170, at *3 (S.D.N.Y. Mar. 5, 2012).

    A "final decision" of the Commissioner is composed of two elements: (1) the non-waivable requisite that a claim for benefits has been presented to the Commissioner; and (2) the waivable requirement that the claimant exhaust the administrative remedies prescribed by the Commissioner.  See Bowen v. City of N.Y., 476 U.S. 467, 483 (1986) (quoting Mathews v. Eldridge, 424 U.S. 319, 328 (1976)).  We need not reach the question of whether Werekoh's challenge to the overpayment determinations has been "presented" to the agency because it is uncontested that Werekoh has not exhausted his administrative remedies, the first step of which was plainly laid out in the notices of overpayment.  R. 23–25, 32–34, 43–45.  These notices informed Werekoh that he had 60 days to submit a form seeking reconsideration.  R. 24–25, 33, 44.  The notices correctly stated the law because under SSA's regulations, a claimant who wishes to challenge an unfavorable initial determination of a claim, see 20 C.F.R. §§ 416.1402–416.1405, must: (1) seek reconsideration of the initial determination, id. § 416.1407; (2) if dissatisfied with the results of the reconsideration, seek a hearing before an ALJ, id. § 416.1429; and (3) if dissatisfied with the ALJ's decision, request Appeals Council review, id. § 416.1467.  Werekoh, however, never submitted a request for reconsideration of the decisions on the December 2004, December 2007, or June 2008 overpayments.  Wilder Decl. ¶¶ 6, 14, 18.  Indeed, the only mention of these overpayments in the administrative record are passing references contained in Werekoh's objections made to the Appeals Council with respect to the

8

February 2006 overpayment determination.  R. 3, 10–11.

Nor does case law give this Court the power to waive the exhaustion requirement in these circumstances.  Failure to exhaust administrative remedies may be waived when: "(1) . . . the claim is collateral to a demand for benefits; (2) . . . exhaustion would be futile; and (3) . . . plaintiff[] would suffer irreparable harm if required to exhaust administrative remedies."  Pavano v. Shalala, 95 F.3d 147, 150 (2d Cir. 1996) (citing cases).  Here, none of these elements are met.  Werekoh's challenge to the overpayment determinations are not collateral to a demand for benefits.  See Soto v. Astrue, 2011 WL 1097392, at *4 (S.D.N.Y. Mar. 23, 2011) ("[A] claim for relief from overpayment is not collateral to a demand for benefits . . . ."); Baptiste v. Comm'r of Soc. Sec., 2010 WL 2985197, at *2 (S.D.N.Y. July 27, 2010) (same).  Nor is there any argument that exhaustion would be futile, as is made plain by the fact that Werekoh obtained a waiver of the February 2006 overpayment.  See Baptiste, 2010 WL 2985197, at *2 (noting that exhaustion not futile when claimant "previously prevailed after a hearing before the ALJ on an identical claim to retain overpayments from a different year").  Werekoh has also made no showing that he would have suffered irreparable harm if he had been required to exhaust his remedies.

Finally, we note that the Mandamus Act is not available as an avenue for review as it may be used only if a plaintiff "has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."  Heckler v. Ringer, 466 U.S. 602, 616 (1984) (citing cases).  Because Werekoh has not exhausted his administrative remedies, mandamus jurisdiction is not available here.  See, e.g., Salemo v. Comm'r of Soc. Sec., 2012 WL 1019054, at *4 (S.D.N.Y. Mar. 27, 2012) (denying mandamus jurisdiction where plaintiff failed to exhaust administrative remedies).

Accordingly, this case must be dismissed for lack of subject matter jurisdiction.

IV.     CONCLUSION

For the foregoing reasons, the Commissioner's motion to dismiss for lack of subject matter jurisdiction (Docket # 17) is granted and the complaint is dismissed. The Clerk is requested to enter judgment and to close this case.

Dated:  August 19, 2013
        New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Anthony Werekoh
1700 Bryant Ave.
Apt. #5J
Bronx, NY 10460

Counsel by ECF